UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
ROBERT CAMPBELL,                    :
     Petitioner,                    :
                                    :
     v.                             :    Case No. 3:16cv1236(AWT)
                                    :
SCOTT ERFE, et al.,                 :
     Respondents.                   :
```

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Robert Campbell, is confined at Cheshire Correctional Institution. He brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his May 2016 convictions for possession of narcotics with intent to sell. For the reasons that follow, the petition is dismissed.

I.   **Procedural Background**

On October 24, 2014, New Britain police officers arrested the petitioner on possession of narcotics charges. *See* Pet. Writ Habeas Corpus, Ex. C, Doc. No. 1-5 at 2. On December 18, 2015, a jury in Connecticut Superior Court for the Judicial District of New Britain found the petitioner guilty of one count of possession with intent to sell and one count of possession with intent to sell within 1500 feet of a school. *See id.*, Doc. No. 1 at 2; *State v. Campbell*, Docket No. H15N-CR14-0275324-S

(Conn. Super. Ct. Dec. 18, 2015).[1]  On May 6, 2016, a judge sentenced the petitioner to twelve years of imprisonment followed by five years of special parole on the first count and three years of imprisonment on the second count.  *See id*.

The petitioner claims that he filed a sentence review application that remains pending.  He has not yet filed an appeal of his conviction.  *See* Pet. Writ Habeas Corpus, Doc. No. 1 at 3.

## II. **Legal Standard**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems.  *See Coleman v. Thompson*; 501 U.S. 722, 731 (1991).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state

---

[1] Information regarding this case may be found at: http://www.jud.ct.gov/jud2.htm under Criminal/Motor Vehicle Case Look-up; Convictions: Search by Docket Number using H15N-CR14-0275324-S.  (Last visited on September 7, 2016).

courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

3

### III. Discussion

The petitioner raises four grounds for relief. *See* Pet. Writ of Habeas Corpus at 9, 11, 13 and 15. He states that he did not exhaust his remedies as to any claim because the state court in which he was convicted "dishonored commercial agreements and federal and constitutional violations." *See id.* This explanation does not suggest that there are no available opportunities to obtain relief in state court or that the available remedies would be ineffective to protect the petitioner's rights. *See* 28 U.S.C. 2254(b)(1)(B). Nor does the explanation constitute a viable excuse relieving the petitioner from exhausting his remedies in state court. Because the petitioner has not exhausted his available state court remedies as to any claim, the petition is being dismissed without prejudice.

### IV. Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is hereby **DISMISSED** without prejudice for failure to exhaust state court remedies.[2] The petitioner may re-file his federal habeas petition after he has exhausted his state court remedies.[3]

---

[2] The court notes that the Second Circuit has cautioned district courts not to dismiss a mixed petition containing

exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court.  The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'")(citations omitted). *Zarvela* is inapplicable because the petition includes no exhausted claims.  Thus it is not a mixed petition and there are no exhausted claims to stay.

    [3] As the petitioner has been informed at page 20 of the habeas petition form that he filed in this action, 28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court.  A state prisoner seeking federal habeas relief must file his petition within one year of the latest of:
    (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).
    The limitations period may be tolled for the period during which a properly filed state habeas petition is pending.  *See* 28 U.S.C. 2244(d)(2).  A federal habeas petition does not toll the statute of limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies with respect to the grounds in the petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

It is so ordered.

Signed this 14th day of September, 2016, at Hartford, Connecticut.

```
              /s/AWT
         Alvin W. Thompson
       United States District Judge
```

---

The court makes no determination at this time as to whether any subsequent federal petition will be barred by the statute of limitations.